## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL OWUSU | : | |
| 2460 Emerald Court | : | Civil Action No.: _____ |
| Harrisburg, PA 17104 | : | |
| | : | **Jury Trial Demanded** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LASERSHIP, INC. | : | |
| 1912 Woodford Road | : | |
| Vienna, VA 22182 | : | |
| | : | |
| Defendant. | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Michael Owusu ("Plaintiff"), individually and on behalf of all other similarly situated employees of Lasership, Inc. ("Defendant"), by and through his counsel, brings this Collective and Class Action Complaint ("Complaint") against Defendant and alleges, upon personal belief as to him and his own acts, and as for all other matters upon information and belief, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant failed to pay Plaintiff and the Overtime Subclass Plaintiffs the mandated overtime wages for all hours worked over forty (40) hours per work week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

1

201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.    Plaintiff further alleges that Defendant failed to pay Plaintiff and the Deduction Subclass Plaintiffs their agreed upon wages for all work done and also made unlawful deductions from their paychecks in violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*

3.    Plaintiff individually alleges that Defendant failed to Plaintiff his agreed upon wages based on an enforceable employment contract in violation of the WPCL and Pennsylvania common law for breach of contract.

4.    As a result of Defendant's improper and willful failure to pay its Delivery Drivers in accordance with the requirements of the FLSA, the PMWA, the WPCL, and Pennsylvania common law, Plaintiff and others similarly situated have suffered damages.

5.    Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

**<u>PARTIES</u>**

6.    Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7.     Plaintiff, Michael Owusu is a resident of the United States and Pennsylvania, and currently maintains a residence at 2460 Emerald Court, Harrisburg, PA 17104.

8.     "Class Plaintiffs" are the individuals who file "opt-in" consent forms with the Court.

9.      Defendant Lasership, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1912 Woodford Road, Vienna, VA 22182 and a place of business in the Commonwealth of Pennsylvania located at 401 Russell Drive, Middletown, PA 17057.

10.     Defendant is a "private employer" who engages in interstate commerce and has an annual volume of sales in excess of $500,000 and is therefore covered by the FLSA, the PMWA, and the WPCL.

11.     Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the protections of the FLSA, the PMWA, and the WPCL.

12.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

14.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

15.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.

16.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.    Paragraphs 1 through 16 are hereby incorporated by reference as though the same were fully set forth at length herein.

18.    This action is brought as a collective action to recover unpaid overtime wages, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

19.    Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Delivery Driver, or in positions with substantially similar job duties, who were denied mandated overtime wages for all hours worked above forty (40) hours per work week (the members of the putative class are hereinafter referred to as the "Overtime Subclass Plaintiffs").

20.    Specifically, upon information and belief, Plaintiff contends that Defendant unlawfully misclassified him and the Overtime Subclass Plaintiffs as independent contractors under the FLSA and the PMWA and failed to accurately track and pay them for all hours worked.

21.    Upon information and belief, Plaintiff estimates that there are at least thirty (30) other similarly situated Delivery Drivers who either were or are working for Defendant during the past three (3) years and were unlawfully denied overtime wages as a result of the unlawful practices described above.

22.    The precise number of employees can be easily ascertained by Defendant.

23.    These employees can be identified and located using Defendant's payroll and personnel records.

24.    Potential Overtime Subclass Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

25.    Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Overtime Subclass Plaintiffs are similarly situated.

26.    Plaintiff and the Overtime Subclass Plaintiffs were similarly denied overtime wages for all hours worked over forty (40) in a work week as a result of Defendant's unlawful practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

27.    Plaintiff will request that the Court authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

28.    Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

29.    Plaintiff brings this action individually, and on behalf of all other similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, who were employed by Defendant in the position of Delivery Driver, or in positions with substantially similar job duties, during the last three (3) years and who: (1) were denied overtime wages for all hours worked over forty (40) in a work week as a result of Defendant's unlawful practices (the "Overtime Subclass"); or, (2) had unlawful deductions taken from their wages as a result of Defendant's unlawful practices (the "Deduction Subclass").

30.    The "Overtime Subclass Plaintiffs" and the "Deduction Subclass Plaintiffs" are collectively referred to as the "Class Plaintiffs."

31.    The subclasses are so numerous that joinder of all members is impracticable.

32.    Class members may be informed of the pendency of this Class Action by direct mail, electronic mail, and publication.

33.    Pursuant to Federal rule of Civil Procedure 23(a)(2), there are questions of law and fact common to each subclass, including but not limited to:

A.    Whether Defendant failed to pay Plaintiff and the Overtime Subclass overtime wages in the period when said wages became due and owing in violation of the PMWA;

B.    Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Overtime Subclass in violation of the PMWA;

C.      Whether Defendant made unlawful deductions from the wages of Plaintiff and the Deduction Subclass in the period when said wages became due and owing in violation of the WPCL; and,

D.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

34.    Plaintiff's claims are typical of the claims of the Class members in both Subclasses.

A.      Plaintiff is a former employee of Defendant who was employed in the position of Delivery Driver who has suffered similar injuries as those suffered by the Class members in both Subclasses.

B.      Defendant failed to pay Plaintiff overtime for all hours Plaintiff worked over forty (40) hours in each work week.

C.      Defendant deducted a fee from Plaintiff's wages every pay period that Defendant labeled "Charge Back" for unspecified fees allegedly incurred by Defendant that related to Plaintiff's employment with Defendant.

D.      Defendant's conduct of violating the PMWA and the WPCL has affected Plaintiff and both Subclasses in the exact same way.

35.    Plaintiff will fairly and adequately represent and protect the interests of both Subclasses.

36.    Plaintiff is similarly situated to both Subclasses and has no conflict with the members of both Subclasses.

37.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

38.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of both Subclasses would create a risk of inconsistent or varying adjudication with respect to individual members of the Subclasses that would establish incompatible standards of conduct for Defendant;

B.    Defendant, by failing to pay overtime wages when they became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Overtime Subclass, thereby making relief appropriate with respect to the Overtime Subclass as a whole;

C.    Defendant, by taking unlawful deductions from wages when they became due and owing in violation of the WPCL, has acted or refused to act on grounds generally applicable to the Deduction Subclass, thereby making equitable relief appropriate with respect to the Deduction Subclass as a whole; and,

D.     The common questions of law and fact set forth above applicable to both Subclasses predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

39.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.

40.     Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

41.     Additionally, as the damages suffered by each Subclass member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Subclass members to bring individual claims.

42.     The presentation of separate actions by individual Subclass members could create a risk of inconsistent and varying adjudications, establish incompatible

standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of both Subclasses to protect their interests.

## COLLECTIVE & CLASS ACTION
## FACTUAL ALLEGATIONS

43.     Paragraphs 1 through 42 are hereby incorporated by reference as though fully set forth at length herein.

44.     On or about July 2020, Plaintiff began his employment with Defendant when he was hired as a Delivery Driver at Defendant's Middletown, Pennsylvania location.

45.     Plaintiff was employed by Defendant as a Delivery Driver from on or about July 2020 until on or about December 5, 2022.

46.     Plaintiff, along with Defendant's other Delivery Drivers, were/are responsible for reporting to Defendant's warehouse location in Middletown, Pennsylvania at the beginning of a shift, loading a van with boxed products stored at Defendant's warehouse, and driving along a route established by Defendant to deliver these boxed products to locations along the delivery route.

47.     Upon information and belief, Defendant classified Plaintiff and Defendant's other Delivery Drivers as independent contractors for the duration of their employment.

48.    Despite Defendant's classification of Plaintiff and all other Delivery Drivers as independent contractors, Defendant treated Plaintiff and all other Delivery Drivers as employees.

A.    Defendant exercised near total control over how Plaintiff and all other Delivery Drivers performed their job duties, including but not limited to, determining their routes, setting their schedules, and setting the number of packages that each Delivery Driver would deliver.

B.    Plaintiff's and all other Delivery Drivers' opportunity for profit or loss was determined on the amount of work given to them by Defendant rather than on any amount of managerial skill possessed by each Delivery Driver.

C.    Plaintiff's and the Delivery Drivers' job duties did not require a special skill.

D.    Plaintiff's and tall other Delivery Drivers' positions as Delivery Drivers with Defendant had no set end date and were originally intended for an indefinite duration.

E.    Upon information and belief, the services that Plaintiff and all other Delivery Drivers rendered for Defendant as Delivery Drivers were integral to Defendant's business because Defendant's business is solely devoted to the delivery of goods.

49.     Upon information and belief, during the past three (3) years, Defendant has employed at least thirty (30) individuals in the position of Delivery Driver at its Middletown, Pennsylvania location.

50.     Defendant engages in delivery service in states other than Pennsylvania on both the East and West Coasts of the United States.

51.     Upon information and belief, Defendant engages in at least $500,000 in delivery service sales per year.

52.     Defendant paid Plaintiff and all other Delivery Drivers on a piece rate basis.

53.     Accordingly, neither Plaintiff nor any other Delivery Driver qualified for the exemptions from overtime for professional, administrative, or executive employees under the FLSA/PMWA while they were employed in the position of Delivery Driver.

54.     In addition, there are no other exemptions under the FLSA and/or the PMWA which could arguably be applicable to Plaintiff or any other Delivery Driver.

55.     Plaintiff and all other Delivery Drivers were, within the meaning of the FLSA and the PMWA, non-exempt employees of Defendant.

56.     In or around 2020 and 2021, Plaintiff typically worked six (6) days per week and worked approximately sixty (60) hours per work week.

57.    In or around 2022, Plaintiff typically worked five (5) days per week and worked approximately fifty (50) hours per work week.

58.    During the peak holiday season around November and December, Plaintiff typically worked seven (7) days per week and worked approximately seventy (70) hours per work week.

59.    By way of example, upon information and belief, during the week of October 11, 2021, Plaintiff worked approximately sixty (60) hours.

60.    During the course of his employment, Defendant did not pay Plaintiff an hourly wage for his hours worked.

61.    Instead, irrespective of the number of hours worked, Plaintiff was paid piece rate in the amount of $2.50 per package delivered.

62.    Due to Defendant's pay structure and amount of hours worked by Plaintiff each work week, Plaintiff was not compensated at a rate of one-and-one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) in a work week.

63.    Accordingly, Defendant failed to pay Plaintiff the required overtime wages as mandated by the FLSA and the PMWA.

64.    Upon information and belief, the Overtime Subclass Plaintiffs worked similar hours and were not compensated with overtime wages.

65.    Upon information and belief, Defendant was aware of the overtime requirements of the FLSA and the PMWA that relate to employees compensated by piece rate.

66.    The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and the PMWA.

67.    Defendant also deducted a "charge back" fee from Plaintiff's weekly pay.

68.    Defendant characterized the fee to Plaintiff as a "fee" that Plaintiff had to pay to work with Defendant.

69.    Upon information and belief, Defendant deducted these "charge back" fees from the weekly pay for the Deduction Subclass Plaintiffs.

70.    These "charge back" fees are not authorized by federal or state law and are therefore illegal wage deductions pursuant to the WPCL.

71.    As a result of Defendant's aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages, including but not limited to, economic damages.

## PLAINTIFF'S INDIVIDUAL ACTION
## <u>FACTUAL ALLEGATIONS</u>

72.    Paragraphs 1 through 70 are hereby incorporated by reference as though the same were fully set forth at length herein.

73.     On or about July 2020 when Defendant hired Plaintiff as a Delivery Driver, Defendant assigned Plaintiff to be a "Floater" who would be assigned to different delivery routes as needed by Defendant.

74.     On or about September 2020, Defendant assigned Plaintiff to a permanent route.

75.     On or about November 8, 2022, Defendant removed Plaintiff from his permanent delivery route and gave Plaintiff's permanent delivery route to another Delivery Driver.

76.     Defendant's Manager Kevin Gates ("Mr. Gates") told Plaintiff that Plaintiff was removed from his permanent route because Defendant purportedly did not have enough packages for Plaintiff's route.

77.     Defendant reassigned Plaintiff back to a Floater Delivery Driver position.

78.     After Plaintiff complained about the reassignment, Mr. Gates promised Plaintiff that Plaintiff would receive eighty percent (80%) of the pay that Plaintiff had been receiving on his permanent route until business picked back up.

79.     Mr. Gates advised Plaintiff that this amount would be $244.00 per day, Monday through Friday.

80.     Mr. Gates memorialized this promise into writing and gave the written terms to Plaintiff.

81.     On or about November 27, 2022, Plaintiff worked as a Floater Delivery Driver for Defendant because of Defendant's promise to pay Plaintiff $244.00 per day, Monday through Friday, until business levels picked up.

82.     Defendant failed to pay Plaintiff $244.00 per day until business picked up as promised by Mr. Gates.

83.     Plaintiff had a reasonable expectation that Defendant would compensate Plaintiff for $244.00 per day until business levels picked up as long as Plaintiff continued to work for Defendant in some capacity.

84.     Defendant entered into an implied employment contract with Plaintiff by promising to pay Plaintiff $244.00 per day beginning on or about November 8, 2022 and continuing until Defendant's business levels picked up.

85.     By failing to pay Plaintiff $244.00 per day during this time period, Defendant breached its implied employment contract with Plaintiff.

86.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages, including but not limited to, economic damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**FAILURE TO PAY OVERTIME**
**PLAINTIFF AND OVERTIME SUBCLASS PLAINTIFFS v. DEFENDANT**

87.     Paragraphs 1 through 85 are hereby incorporated by reference as though the same were fully set forth at length herein.

88.     Pursuant to Section 207(a)(1) of the FLSA, all non-exempt employees must be compensated at a rate not less than one-and-one-half times their regular rate of pay for every hour worked over forty (40) in a work week.

89.     Defendant misclassified Plaintiff and the Overtime Subclass Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a work week.

90.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and the Overtime Subclass Plaintiffs.

91.     As a result, Defendant failed to pay Plaintiff and the Overtime Subclass Plaintiffs overtime compensation for all hours worked over forty (40) in a work week at one-and-one-half times their regular rate of pay.

92.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

93.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

94.     Defendant is liable to Plaintiff and the Overtime Subclass Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Overtime Subclass Plaintiffs:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Delivery Driver and/or in positions with similar job duties, and authorizing Overtime Subclass Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were no paid overtime as required by the FLSA;

C.    Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay the mandated overtime wages to Plaintiff and the Overtime Subclass Plaintiffs for all hours worked over forty (40) in the work week;

E.    Awarding Plaintiff and the Overtime Subclass Plaintiffs back pay wages in an amount consistent with the FLSA;

F.     Awarding Plaintiff and the Overtime Subclass Plaintiffs liquidated damages in accordance with the FLSA;

G.     Awarding Plaintiff and the Overtime Subclass Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.     Granting Plaintiff and Overtime Subclass Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and,

J.     An award for all additional general and equitable relief to which Plaintiff and Overtime Subclass Plaintiffs may be entitled as this Court may deem proper.

## COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. § 333.100, *et seq.*
### FAILURE TO PAY OVERTIME
### PLAINTIFF AND OVERTIME SUBCLASS PLAINTIFFS v. DEFENDANT

95.     Paragraphs 1 through 93 are incorporated by reference as though the same were set forth at length herein.

96.     The PMWA provides that an employer must pay certain "minimum wages" to its employees.  See 43 P.S. § 333.104.

97.    The PMWA further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week.  See 43 P.S. § 333.104(c).

98.    Plaintiff, and upon information and belief, Overtime Subclass Plaintiffs were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, as described above, the fact that they regularly reported to and received directives from Defendant's Middletown, Pennsylvania warehouse, were supervised and subject to decision making concerning the terms and conditions of their employment by Defendant's Pennsylvania-based management, and worked for Defendant in Pennsylvania.

99.    Defendant misclassified Plaintiff and Overtime Subclass Plaintiffs as independent contractors, rather than employees, within the meaning of the PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a work week.

100.   By failing to pay Plaintiff and Overtime Subclass Plaintiffs overtime and one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a work week, Defendant has violated the provisions of the PMWA mandating overtime pay to non-exempt employees.

101.   As a result of Defendant's unlawful acts, Plaintiff and Overtime Subclass Plaintiffs are/have been deprived of compensation in an amount to be

determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Overtime Subclass Plaintiffs:

A.    An Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(c) and designating Plaintiff as the class representative of the Overtime Subclass and his counsel as class counsel;

B.    An award to Plaintiff and Overtime Subclass Plaintiffs for the amount of unpaid overtime wages to which they are entitled, including interest thereon, and penalties subject to proof, pursuant to the PMWA;

C.    An award to Plaintiff and the Overtime Subclass Plaintiffs of reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the PMWA;

D.    Awarding pre- and post-judgment interest and court costs as further allowed by law; and,

E.    An award to Plaintiff and Overtime Subclass Plaintiffs for all additional general and equitable relief to which Plaintiff and Overtime Subclass Plaintiffs may be entitled as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***
**FAILURE TO PAY WAGES DUE AND OWING**
**PLAINTIFF AND DEDUCTION SUBCLASS PLAINTIFFS v. DEFENDANT**

102.   Paragraphs 1 through 100 are hereby incorporated by reference as though the same were fully set forth at length herein.

103.   Pursuant to the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of says after the expiration of said pay period as provided in a written contract of employment." See 43 P.S. § 260.3(a).

104.   An employer may only deduct from an employee's pay "deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employee." See id.

105.   No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." See 43 P.S. § 260.7.

106.   Defendant made weekly deductions to the wages of Plaintiff and the Deduction Subclass Plaintiffs characterized as unspecified fees and listed as "charge backs."

107.   Such deductions are not authorized by the WPCL.

108.   The aforementioned deductions are "wages" that were "earned" within the meaning of the WPCL and are due and owing under the WPCL.

23

109.    Almost all of these wages remain unpaid for thirty (30) or more days beyond the regularly scheduled payday when these wages became due and owing.

110.    For all wages that Defendant failed to pay in fewer than thirty (30) days of the payday when these wages became due and owing, Plaintiff and Deduction Subclass Plaintiffs are entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.  See 43 P.S. § 260.10.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Deduction Subclass Plaintiffs:

A.    An Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(c) and designating Plaintiff as the class representative of the Deduction Subclass and his counsel as class counsel;

B.    An award to Plaintiff and Deduction Subclass Plaintiffs for the amount of unpaid wages to which they are entitled, including interest thereon, and penalties subject to proof, pursuant to the WPCL;

C.    An award to Plaintiff and the Deduction Subclass Plaintiffs of liquidated damages in the amount of twenty five percent (25%) of total unpaid wages, or five hundred dollars ($500), whichever is greater, pursuant to the WPCL;

D.    An award to Plaintiff and the Deduction Subclass Plaintiffs of reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the WPCL;

E.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.    An award to Plaintiff and Deduction Subclass Plaintiffs for all additional general and equitable relief to which Plaintiff and Deduction Subclass Plaintiffs may be entitled as this Court may deem proper.

## COUNT IV
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
## FAILURE TO PAY WAGES DUE AND OWING
## <u>PLAINTIFF v. DEFENDANT</u>

111.    Paragraphs 1 through 109 are hereby incorporated by reference as though the same were fully set forth at length herein.

112.    The WPCL does not create a right to wages, but rather provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages to the employee.  <u>Oxner v. Cliveden Nursing & Rehabilitation Center PA, L.P.</u>, 132 F. Supp. 3d 645, 649 (E.D. Pa. 2015).

113.    When a written contract does not exist, the employer will still be bound under the WPCL by the formation of an implied contract with the employee.  <u>Id.</u>

25

114. Under Pennsylvania law, an implied contract arises "when parties agree on the obligation to be incurred, but their intention, instead of being expressed in words, is inferred from the relationship between the parties and their conduct in light of the surrounding circumstances." Id.

115. An implied contract for the performance of services arises where "the party rendering the services would be justified in entertaining a reasonable expectation of being compensated by the party receiving the benefit of the services." Id. (quoting Martin v. Little, Brown & Co., 450 A.2d 984, 987 (Pa. 1981)).

116. Plaintiff continued to work for Defendant after Defendant removed Plaintiff from his permanent route on or about November 8, 2022 because of Defendant's promise to pay Plaintiff $244.00 per day, Monday through Friday, until Defendant's business levels picked up.

117. Plaintiff had a reasonable expectation that Defendant would compensate Plaintiff for $244.00 per day until Defendant's business levels picked up as long as Plaintiff continued to work for Defendant in some capacity.

118. Defendant entered into an implied employment contract with Plaintiff by promising to pay Plaintiff $244.00 per day beginning on or about November 8, 2022 and continuing until Defendant's business levels picked up.

119.  By failing to pay Plaintiff $244.00 per day during this time period, Defendant breached its implied employment contract with Plaintiff in violation of the WPCL.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to:

A.    Back wages in an amount to be determined at trial;

B.    Liquidated damages in the amount of twenty five percent (25%) of total unpaid wages, or five hundred dollars ($500), whichever is greater, pursuant to the WPCL;

C.    Attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the WPCL;

D.    Pre- and post-judgment interest and court costs as further allowed by law; and,

E.    Such additional general and equitable relief to which Plaintiff may be entitled as this Court may deem proper.

## COUNT V
## BREACH OF CONTRACT
## <u>PLAINTIFF v. DEFENDANT</u>

120.    Paragraphs 1 through 118 are hereby incorporated by reference as though the same were fully set forth at length herein.

121.    Under Pennsylvania law, an implied contract arises "when parties agree on the obligation to be incurred, but their intention, instead of being expressed in words, is inferred from the relationship between the parties and their conduct in light of the surrounding circumstances." <u>Oxner</u>, 132 F. Supp. at 649.

122.    An implied contract for the performance of services arises where "the party rendering the services would be justified in entertaining a reasonable expectation of being compensated by the party receiving the benefit of the services." <u>Id.</u> (quoting <u>Martin</u>, 450 A.2d at 987).

123.    Plaintiff continued to work for Defendant after Defendant removed Plaintiff from his permanent route on or about November 8, 2022 because of Defendant's promise to pay Plaintiff $244.00 per day, Monday through Friday, until Defendant's business levels picked up.

124.    Plaintiff had a reasonable expectation that Defendant would compensate Plaintiff for $244.00 per day until Defendant's business levels picked up as long as Plaintiff continued to work for Defendant in some capacity.

125.   Defendant entered into an implied employment contract with Plaintiff by promising to pay Plaintiff $244.00 per day beginning on or about November 8, 2022 and continuing until Defendant's business levels picked up.

126.   By failing to pay Plaintiff $244.00 per day during this time period, Defendant breached its implied employment contract with Plaintiff.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including but not limited to:

A.    Compensatory/actual wages in an amount to be determined at trial;

B.    Pre- and post-judgment interest and court costs as further allowed by law; and,

C.    Such additional general and equitable relief to which Plaintiff may be entitled as this Court may deem proper.

## JURY DEMAND

127.   Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MARZZACCO NIVEN & ASSOCIATES**

By:    */s/ Benjamin Salvina*
       Benjamin Salvina, Esq.
       945 East Park Drive, Suite 103
       Harrisburg, PA 17111
       TEL: 717-231-1640
       FAX: 717-231-1650
       bsalvina@klnivenlaw.com
       *Attorney for Plaintiff*

Dated: January 13, 2023