IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL OWUSU,** | : | CIVIL ACTION NO. 1:23-CV-74 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **LASERSHIP, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 29th day of January, 2024, upon consideration of the motion (Doc. 10) to compel arbitration filed by defendant Lasership, Inc., and further upon consideration of plaintiff Michael Owusu's concurred-in motion (Doc. 25) for approval of settlement of his individual claims in this matter, which has not been conditionally certified as a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and the court observing that, in the absence of guidance from our court of appeals, district courts within the Third Circuit have adopted the approach of the majority of federal courts to hold that *bona fide* FLSA disputes over unpaid wages may be settled or compromised only through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of the proposed settlement, and have typically employed the considerations set forth by the Eleventh Circuit Court of Appeals in Lynn's Food Stores, Inc. v. United States *ex rel.* U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th

Cir. 1982),[1] *viz.*, that a proposed settlement will merit judicial approval if it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," see Lynn's Food Stores, 679 F.2d at 1355, which requires the court to consider whether the agreement resolves a *bona fide* dispute, whether it is fair and reasonable to the plaintiff employees, and whether it furthers or "impermissibly frustrates" implementation of the FLSA in the workplace, see Potoski, 2020 WL 207061, at *2; Waltz, 2017 WL 2907217, at *2; Kraus, 155 F. Supp. 3d at 522; Bettger, 2015 WL 279754, at *4, and the court, having reviewed the parties' proposed settlement agreement *in camera*, concluding that the agreement resolves a *bona fide* dispute, see Lynn's Food Stores, 679 F.2d at 1354; Waltz, 2017 WL 2907217, *2; Kraus, 155 F. Supp. 3d at 530; that it is a fair and reasonable compromise of that dispute when

---

[1] See, e.g., Solkoff v. Pa. State Univ., 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020) (citing Howard v. Phila. Hous. Auth., 197 F. Supp. 3d 773, 776 (E.D. Pa. 2016)); Kraus v. PA Fit II, LLC, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016) (citing Adams v. Bayview Asset Mgmt., LLC, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014)); Potoski v. Wyoming Valley Health Care Sys., No. 3:11-CV-582, 2020 WL 207061, at *2 (M.D. Pa. Jan. 14, 2020) (citing Bettger v. Crossmark, Inc., No. 1:13-CV-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015)); Waltz v. Aveda Transp. & Energy Servs. Inc., No. 4:16-CV-469, 2017 WL 2907217, at *2 n.13 (M.D. Pa. July 7, 2017) (collecting cases); Green v. Ventnor Beauty Supply, Inc., No. 1:18-CV-15673, 2019 WL 2099821, at *1 (D.N.J. May 14, 2019) (same); see also Lynn's Food Stores, Inc. v. United States *ex rel.* U.S. Dep't of Labor, 679 F.2d 1350, 1354-55 (11th Cir. 1982); Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015); Walton v. United Consumers Club, Inc., 786 F.2d 303, 305-07 (7th Cir. 1986); but see Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 256 (5th Cir. 2012).

2

viewed through the prism of the applicable Girsh factors,[2] see, e.g., Potoski, 2020 WL 207061, at *3-4 (applying factors outlined in Girsh to FLSA settlement); Bettger, 2015 WL 279754, at *7 (same); and that the release of claims and confidentiality provisions of the settlement agreement are narrowly drawn and do not frustrate the objectives of the FLSA, see, e.g., Bettger, 2015 WL 279754, at *8 (collecting cases as to release of claims); McGee v. Ann's Choice, Inc., No. 12-2664, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014) (discussing permissible confidentiality provisions); In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014) (same), and the court further finding the proposed award of attorneys' fees and expenses, constituting roughly 35% of the total settlement amount, to be reasonable, see Kraus, 155 F. Supp. at 534 (noting "courts have approved attorneys' fees in FLSA settlement agreements 'from roughly 20-45%' of the settlement fund"

---

[2] Under Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975), courts examine:

> (1) the complexity, expense[,] and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgement; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Girsh, 521 F.2d at 156-57 (citation omitted).

(quoting Mabry v. Hildenbrandt, No. 14-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases))), it is hereby ORDERED that:

1. Owusu's concurred-in motion (Doc. 25) for approval of settlement is GRANTED. The parties' proposed settlement agreement is APPROVED.

2. The motion (Doc. 10) to compel arbitration filed by Lasership, Inc. is DENIED as moot.

3. The above-captioned action is DISMISSED with prejudice, subject to the court's retention of jurisdiction for the limited purpose of enforcing the settlement agreement.

4. The Clerk of Court shall CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania